THIS case was on an appeal from a justice of the peace, and the respondent moved to dismiss it upon two grounds. First, because it appeared by the record of the case sent up that the appellant, Nathaniel L. Williams, was summoned to answer before a justice of the peace under an execution attachment as a garnishee of another, viz., the firm of David I. Hoar Co., to whom he was indebted in a sum exceeding the amount cognizable before a justice of the peace, did not at the time when his answer as such garnishee was made, on the first day of March last, require the said justice of the peace to enter upon his docket a plea that such attachment process had been taken against him as such garnishee by collusion between the plaintiff and the defendant in the judgment upon which such execution attachment was issued, and for a claim not actually due from such defendant, or confessed, contracted, incurred, or made for the occasion, or upon a judgment, or upon a claim, or for a debt made by dividing or splitting up a claim or debt not primarily cognizable by reason *Page 483 
of its amount before a justice of the peace, for the purpose of bringing it within the jurisdiction of a justice of the peace; and therefore without such a plea entered upon his docket such a garnishee could not be entitled to an appeal under the provisions of the act entitled "An act relating to attachments from before justices of the peace," passed at Dover, March 23, 1871. Rev. Code, 619, 620. And secondly, because the said garnishee and appellant was not entitled to an appeal from the judgment rendered by the justice of the peace upon his answer alone, for the act aforesaid only provides a garnishee with this remedy of appeal where he has denied by plea that there is anything in his hands, or where he admits a thing or a certain amount to be due from him, but denies there is any more.
We think the above grounds to be sufficient in this case.
The act referred to in the first objection is a supplement to the general attachment law in cases before justices of the peace, and was passed to provide in the future against frauds which had theretofore been perpetrated against honest creditors by feigned indebtedness, by dishonest ones, to accomplices who, obtaining judgments against such pretended debtors before the bona fide creditors could recover judgment upon their claims against a debtor to all, would get in ahead upon the property of such common debtor by means of attachments issued upon the feigned judgments against the colluding creditor, and thus appropriate his assets to the claim of the colluding debtor. It is a novel statute, but was made necessary by an exceedingly sharp fraudulent contrivance. It is, however, a special remedy merely, though against gross fraud, and the act must not be extended so as to sanction a proceeding only contemplated in an event provided for by it. That proceeding is appeal from the acts of the justice in the particular matter of the relief given by the act, and is not a general right of appeal. The second section (above referred to) of that act provides as follows: "In any such proceeding," which can only mean the proceeding provided by the act, "either party may have an appeal as in other cases." There is *Page 484 
also a provision that "any creditor of the garnishee in case of judgment against the latter may cause an appeal to be entered and carried on in the name of the garnishee upon his special application to the justice," etc. Now we do not understand this language as giving to the garnishee contemplated by this act, or a creditor, any right of appeal unless with the answer or plea admitting or denying indebtedness, there is also filed a plea or pleas that the attachment process was by collusionbetween the plaintiff and defendant in the judgment upon which theexecution attachment issued, and for a claim not actually due for suchdefendant, or confessed, contracted, incurred, or made by dividing orsplitting up a claim or debt not primarily cognizable, by reason of itsamount, before a justice of the peace, for the purpose of bringing thesame under or within the jurisdiction of a justice," etc., with a further provision for the trial of the issue upon such plea or pleas as upon plea of nulla bona. That was not done in this case; and therefore there was no right of appeal under that statute.
The judgment rendered by a justice of the peace in ordinary proceedings against a garnishee, is not, as we think, a judgment within the scope of the 24th sec. of chap. 99 of the Revised Code, page 610, providing for appeals. The language of this section is certainly very broad, and if our view of the law were confined to a contemplation of its meaning, we might say it would include judgments rendered against garnishees, as we said not long since that it embraced judgments by default for want of appearance; but even then we should, in this particular case, hesitate to decide that the garnishee had aright of appeal, because he confessed an amount of indebtedness beyond the claim of the attaching creditor, which is the same thing as confessing judgment; where no appeal lies, of course, for nothing has been done adversely and there is nothing to appeal from. But the chapter referred to, at page 617 of the Code, expressly provides an appeal for the garnishee; but that is only where he denies that there is anything in his hands or possession, oradmits a thing or, sum and denies anything more. This produces a trial which proceeds as in other cases and involves judgment, execution and *Page 485 
appeal. The statute is very carefully drawn to secure, in case of contest between the attaching creditor and the garnishee, the same course of trial as in similar cases of dispute between parties, and the right of appeal also. This fact seems to determine, beyond question, that cases of garnishment are not within the meaning of the section with respect to appeals generally before justices of the peace, but are provided for solely by the 35th section of the same chapter above referred to in this paragraph.
We are therefore of opinion that the appeal in this case was unwarranted by law and order its dismissal.